UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAKKS PACIFIC, INC.,<br><br>  Plaintiff,<br><br>    v.<br><br>ACCASVEK, LLC,<br><br>  Defendant. | Miscellaneous Action No. 16-1977 (JDB) |

## MEMORANDUM OPINION

Before the Court are several motions, none of which can be addressed until the Court resolves a preliminary issue: whether it has subject-matter jurisdiction. The plaintiff, Jakks Pacific, Inc., obtained a default judgment against Accasvek, LLC, in the Central District of California, which it then registered in this District. Jakks now invokes this Court's jurisdiction to compel discovery in aid of enforcing that judgment. A non-party witness, Matthew Cunningham, and another interested non-party, Fortress Credit Co., LLC, assert that the default judgment is void because the Central District of California lacked subject-matter jurisdiction. This Court only has subject-matter jurisdiction to enforce that judgment insofar as the default judgment is itself valid. After conducting a hearing and requiring declarations from the appearing parties and non-parties, the Court agrees that the Central District of California lacked subject-matter jurisdiction. The default judgment is therefore void, and thus this Court has no authority to enforce it. This Court will therefore vacate the default judgment and dismiss the case filed in this District.

## BACKGROUND

1

Jakks filed a complaint against Accasvek in the Central District of California on March 15, 2016, asserting that Accasvek breached a contract with Jakks.  See Compl., 16-cv-1432-R-AGR (C.D. Ca.), Dkt. No. 8.[1]  Jakks alleged that the court had diversity jurisdiction, but did not plead any facts regarding the citizenship of the members of the defendant Limited Liability Company (LLC).  Id. ¶¶ 2, 3.  Instead, Jakks pleaded facts that would support diversity jurisdiction if both parties were corporations: namely, that Jakks is incorporated in Delaware and has its principal place of business in California, and that Accasvek is "a Texas limited liability company, with its principal place of business in Longview, Texas."  Id. ¶¶ 1–2.  In June 2016, after Accasvek failed to enter an appearance or respond to the complaint, the court granted Jakks a default judgment and awarded it $678,867.88.  Order, June 23, 2016, 16-cv-1432-R-AGR (C.D. Ca.), Dkt. No. 29; Judgment, Aug. 8, 2016, 16-cv-1432-R-AGR (C.D. Ca.), Dkt. No. 32.  In its written opinion, the court did not analyze jurisdiction or make any findings regarding jurisdiction or the citizenship of the parties.

On September 20, 2016, Jakks registered that judgment in this Court.  Registration of a Foreign Judgment, Sept. 20, 2016 [ECF No. 1].  Jakks now seeks to discover assets that it believes Accasvek acquired in a different litigation proceeding, and then hid to avoid satisfying this judgment by transferring them to another entity, Fortress.  Jakks has filed a motion to compel Matthew Cunningham, a former COO and CFO of Accasvek, to produce a contract between Fortress and either Accasvek or its parent company, Medici Portfolio, LLC, that allegedly concerns transferring those assets.  See Pl.'s Mot. to Compel [ECF No. 12]; Cunningham Opp'n [ECF No.

---

[1] References to the docket in this format refer to the docket in the Central District of California.  References to the docket in the format of [ECF No. 1] refer to docket entries in this matter in the U.S. District Court for the District of Columbia.

2

17] at 2.  Both Cunningham and Fortress oppose Jakks's motion.  See Cunningham Opp'n; Fortress's Notice of Lack of Subject Matter Jurisdiction [ECF No. 14] ("Fortress's Notice").

Fortress filed with this Court a "Notice of Lack of Subject Matter Jurisdiction and Opposition to Plaintiff's Motion to Compel" pursuant to Federal Rule of Civil Procedure 12(h)(3). See Fortress's Notice at 1–2.  Rule 12(h)(3) states that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fortress argues that Jakks did not plead any facts in the Central District of California that would give that court diversity jurisdiction, because the citizenship of an LLC is determined by the citizenship of its members, but Jakks did not plead any facts regarding Accasvek's members.  Fortress's Notice at 1–2. Fortress also contends, in the alternative, that if the default judgment is not void, the motion to compel should be denied for various other reasons.  Id. at 4.  Cunningham opposes the motion to compel and adopts Fortress's arguments to that end.  Cunningham's Opp'n at 2.

Jakks, in turn, responds that the default judgment cannot be "reopened" through this collateral attack, and that Fortress lacks standing to raise its arguments.  See Pl.'s Reply [ECF No. 18] at 1–3 & n.1–2.  Jakks further contends that Cunningham and Fortress have the burden of showing that the parties were actually non-diverse, i.e., by producing evidence that a member of Accasvek is a citizen of California or Delaware.  Id. at 2. Because they have not produced any such evidence, Jakks argues, this Court must presume that the default judgment is valid and enforceable.

Also before the Court are two other motions.  Jakks has filed a motion to strike Fortress's reply in support of its initial motion.  Pl.'s Mot. to Strike [ECF No. 23].  Jakks has also filed a

3

motion for sanctions against another non-party witness, Michael Connelly.  See Pl.'s Mot. for Sanctions [ECF No. 13].[2]

On September 6, 2017, the Court held a hearing with Jakks, Cunningham, and Fortress regarding whether this Court has jurisdiction to enforce the foreign judgment.[3]  The parties reiterated and expanded upon the legal arguments presented in their briefs.  In addition, Jakks proffered that it believes none of the members of Accasvek are (or were at the time the complaint was filed in the Central District of California) citizens of Delaware or California for the purpose of diversity jurisdiction.  Thus, Jakks argued, the Central District of California actually had subject-matter jurisdiction regardless of any pleading defect.  Fortress, on the other hand, proffered that at least at least one member of an LLC that is a member of Accasvek is or was a citizen of California or Delaware, and thus the Central District of California actually lacked jurisdiction.  The Court ordered Jakks, Cunningham, and Fortress to each submit a sworn declaration or affidavit providing any knowledge each respectively has regarding whether Accasvek's members are or were citizens of California or Delaware for the purposes of diversity jurisdiction—and if Accasvek's members are or were LLCs, whether the members of those LLCs are or were citizens of California or Delaware.  See Order, Sept. 6, 2017 [ECF No. 26].

In response to the Court's order, Fortress submitted a declaration from Michele Moreland, an asset manager employed by "an affiliate of Fortress."  See Moreland Decl. [ECF No. 27] ¶ 1.

---

[2] It appears that Connelly was CEO of both Accasvek and Medici.  See Cunningham's Opp'n at 2.  On February 26, 2017, Jakks subpoenaed Connelly for a deposition and production of documents.  Pl.'s Mot. for Sanctions at 1–2.  He failed to appear, and was ultimately held in contempt and ordered to pay attorney's fees and costs.  Contempt Order, Apr. 19, 2017 [ECF No. 11].  Jakks asserts that it has made repeated attempts to contact Connelly and has had some communication with him, but that he has since stopped responding and has yet to produce the relevant documents or appear for a deposition.  Pl.'s Mot. for Sanctions at 2–3.  Jakks therefore requests that the Court enter an order "confining Connelly as a recalcitrant witness under 28 U.S.C. § 1826" until he produces the documents and appears for a deposition, and award Jakks additional attorney's fees and costs in the amount of $25,237.52.  Id. at 4.

[3] Accasvek has not filed any documents in this matter, nor has any attorney entered an appearance on its behalf.  It did not participate in the hearing.

Moreland attests that The Medici Portfolio, LLC, is a member of Accasvek; that the members of Medici include CF DB EZ LLC; that the members of CF DB EZ include CF EZ LLC and Drawbridge Special Opportunities Fund LP; and (at long last) that the members of CF EZ include "at least one natural person who is a citizen of California" and that "Drawbridge has over five hundred limited partners, and those limited partners include both natural persons and legal entities that are citizens of California." Id. ¶¶ 2–5. Cunningham submitted a declaration stating that Medici was the sole member of Accasvek at the time the complaint was filed; that Michael Connelly, Cunningham, and CF DB EZ LLC were the sole members of Medici at the time; that Connelly was a citizen of Maryland; and that he has no knowledge of the members of CF DB EZ LLC. Cunningham Decl. [ECF No. 28-1] ¶¶ 3–6.

Jakks submitted a supplemental memoranda stating that it has no knowledge of the members of Accasvek and their citizenship, and reiterating the legal arguments that it previously raised. See Jakks' Supp. Mem. [ECF No. 29] at 1–3. It also argues that the Court should not consider Fortress's affidavit because it only references the current members of Accasvek and of Medici, not the members at the time that the complaint was filed, because it does not actually identify the natural persons or legal entities that are citizens of California, and because Moreland's knowledge of those persons' and entitles' citizenship must be hearsay. Id.

Based on the parties briefing, the hearing held on September 6, and the parties' post-hearing submissions, the Court concludes that the Central District of California did not have an "arguable basis" for subject-matter jurisdiction and therefore the default judgment is void. The Court therefore will vacate the default judgment in the Central District of California and dismiss the case in this Court.

## **ANALYSIS**

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994). A court has an independent obligation to assure itself of its subject-matter jurisdiction, and "[t]he objection that a federal court lacks subject-matter jurisdiction, may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." Arbaugh v. Y&H Corp., 546 U.S. 500, 506 (2006) (internal citation omitted); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

A federal court has diversity jurisdiction under 28 U.S.C. § 1332 "only if diversity of citizenship among the parties is complete, i.e., only if there is no plaintiff and no defendant who are citizens of the same State." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 388 (1998) (emphasis omitted). For the purposes of diversity jurisdiction, "[u]nincorporated associations, including LLCs, have the citizenship of each of their members." CostCommand, LLC v. WH Adm'rs., Inc., 820 F.3d 19, 21 (D.C. Cir. 2016) (citing Americold Realty Trust v. Conagra Foods, Inc., 136 S. Ct. 1012, 1015 (2016)); see also Johnson v. Columbia Props. Anchorage LP, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens."). The citizenship of the members of an LLC is traced all the way through—that is, when a member of an LLC is itself an LLC, the citizenship of the members of that LLC are relevant for diversity purposes, and so on. See Bayerische Landesbank v. Aladdin Capital Management, LLC, 692 F.3d 42, 49 (2d Cir. 2012). This is distinct from a corporation, which has the citizenship of the State in which it is registered and the State in which it has its principal place of business. 28 U.S.C. § 1332(c)(1); Hertz Corp. v. Friend, 130 S. Ct. 1181, 1192 (2012).

Generally, the burden of demonstrating jurisdiction "rests upon the party asserting jurisdiction." Kokkonen, 511 U.S. at 377; see also Fed. R. Civ. P. 8(a)(1) (the plaintiff must include in the complaint "a short and plain statement of the grounds for the court's jurisdiction"). However, "[w]hen diversity jurisdiction is not property alleged," typically courts "allow a plaintiff to amend his complaint to cure the deficiency or to supplement his brief to provide clarification." McCready v. eBay, Inc., 453 F.3d 882, 891 (7th Cir. 2006). Courts may also look to materials outside of the pleadings, and may make factual findings, as necessary to determine jurisdiction. See St. Paul Fire & Marine Ins. Co. v. Univ. Builders Supply, 409 F.3d 73, 82 (2d Cir. 2005).

The standard method for challenging subject-matter jurisdiction after judgment is a motion for relief under Federal Rule of Civil Procedure 60(b)(4). That Rule states: "On a motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (4) the judgment is void." Fed. R. Civ. P. 60(b)(4). As the Supreme Court has explained, while ordinarily final judgments may only be attacked on appeal, "Rule 60(b), however, provides an 'exception to finality,' that 'allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.' Specifically, Rule 60(b)(4) . . . authorizes the court to relieve a party from a final judgment if the judgment is void." United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260, 269–70 (2010) (some internal quotation marks omitted) (quoting Gonzalez v. Crosby, 545 U.S. 524, 534 (2005)).

Here, although Fortress and Cunningham have not styled their filings as motions under Rule 60(b)(4), that is in essence the relief that they seek. See Cunningham's Opp'n at 5 (requesting that the Court "dismiss Jakks' lawsuit and deny the motion to compel as moot" because the Central District of California lacked subject-matter jurisdiction); Fortress's Notice at 4 (similar); Fortress's Response to Pl.'s Motion to Strike [ECF No. 24] at 1–2 (characterizing Fortress's Notice as a

7

motion for relief). Thus, the Court will look to the body of law discussing how a court where a foreign judgment is registered ("the registering court") should analyze a challenge to the jurisdiction of the court that rendered the judgment ("the rendering court"). But because the Court has an independent obligation to ensure jurisdiction,[4] the exact method of informing the court of a lack of subject-matter jurisdiction—whether through motion under Rule 60(b)(4) or a notification under Rule 12(h)(3)—is not pertinent.

The judgment from the Central District of California was registered in this Court pursuant to 28 U.S.C. § 1963. That statute states:

> A judgment in an action for the recovery of money or property entered in any . . . district court . . . may be registered . . . in any other district . . . . A judgment so registered shall have the same effect as a judgment of the district court of the district where registered and may be enforced in like manner.

Id. The First, Second, Third, Fifth, Ninth, and Tenth circuits have held or stated in dicta that a registering court can entertain a Rule 60(b)(4) motion challenging a judgment from the rendering court to the same extent that the registering court would consider a motion to vacate its own judgment. See Indian Head Nat'l Bank of Nashua v. Brunelle, 689 F.2d 245, 250–51 (1st Cir. 1982) (stating in dicta that a registering court could consider the claim that the rendering court lacked personal jurisdiction); Covington Indus., Inc. v. Resintex A.G., 629 F.2d 730, 732 (2d Cir. 1980) (holding that the registering court could consider whether the rendering court lacked personal jurisdiction); Budget Blinds, Inc. v. White, 536 F.3d 244, 258–259 (3d Cir. 2008) (same); Harper Macleod Solicitors v. Keaty & Keaty, 260 F.3d 389, 391 (5th Cir. 2001) (same); FDIC v. Aaronian, 93 F.3d 636, 639 (9th Cir. 1996) (holding that the registering court could consider

---

[4] It is because of this same principle that Jakks's argument that Fortress lacks "standing" to challenge the default judgment is inapposite. A court has an independent obligation to confirm that it has subject-matter jurisdiction; it is irrelevant whether a party or a non-party first alerts the court to potential jurisdictional defects. See Arbaugh, 526 U.S. at 583.

8

whether the rendering court's judgment was void for due process violation); Morris ex rel. Rector v. Peterson, 759 F.2d 809, 811 (10th Cir. 1985) (holding that the registering court could grant relief when the rendering court lacked personal jurisdiction).

The only circuit court to disagree is the Seventh, which has held that if the registering court finds the judgment of the rendering court void for lack of jurisdiction, then the registering court must disregard it but not formally vacate it. See Bd. of Trustees v. Elite Erectors, Inc., 212 F.3d 1031, 1034 (7th Cir. 2000). The Seventh Circuit explained that if a registering court vacates the judgment of the rendering court, that could cause conflicting decisions if the same judgment is registered in multiple districts, and some districts vacate the judgment while others do not. Id.

All of these courts, however, have counseled that a registering court should be hesitant to entertain 60(b) motions challenging a judgment from a rendering court. See, e.g., Budget Blinds, Inc., 536 F.3d at 251–52. Indeed, several courts have gone so far as to hold that other 60(b) motions besides 60(b)(4) must be heard in the rendering court. See, e.g., Indian Head Nat'l Bank, 689 F.2d at 249, 251–52; cf. First Beverages, Inc. v. Royal Crown Cola Co., 612 F.2d 1164, 1172 (9th Cir. 1980) (stating that 60(b) "motions must be directed in the first instance to the district court" as opposed to the appeals court because district courts "ha[ve] heard all of the evidence in a case"). This general hesitancy to consider challenges to the judgment of the rendering court is based on concerns of judicial comity and deference, judicial efficiency (the rendering court is likely to be more familiar with the case), and a desire for consistent enforcement (there could be conflicting rulings if a judgment is registered in multiple districts). See Budget Blinds, Inc., 536 F.3d at 252–54; Indian Head Nat'l Bank, 689 F.2d at 248; Bd. of Trustees, 212 F.3d at 1035; Covington Indus., 629 F.2d at 733; First Beverages, 612 F.2d at 1172. Moreover, in instances where the rendering court actually decided the issue that is later raised on a 60(b) motion, the

registering court is likely to be bound by the law of the case or issue preclusion, and the parties might be estopped from raising certain arguments. See Practical Concepts, Inc. v. Republic of Bolivia, 811 F.2d 1543, 1547 (D.C. Cir. 1987); On Track Transp., Inc. v. Lakeside Warehouse & Trucking Inc., 245 F.R.D. 213, 221 (E.D. Pa. 2007). Not all of these concerns, however, apply in all instances—for example, where the rendering court issued a default judgment, there may be no reason to assume that the rendering court is more familiar with the case than the registering court. See On Track Transp., Inc., 245 F.R.D. at 221, 222–23.

However, all of these courts considered challenges to the rendering court's judgment based on lack of personal jurisdiction or procedural due process, not based on lack of subject-matter jurisdiction. The only case that the Court is aware of regarding how a registering court should consider a claim that the rendering court lacked subject-matter jurisdiction is On Track Transportation Inc. v. Lakeside Warehouse & Trucking Inc., 245 F.R.D. 213 (E.D. Pa. 2007). In a comprehensive and well-reasoned opinion, that court adopted the view of the majority of circuit courts and determined that "[i]n spite of the[] differences" between subject-matter jurisdiction and personal jurisdiction, "the power of the registering court to entertain Rule 60(b)(4) challenges should be the same, whether the rendering court's judgment is allegedly void because of a lack of subject matter or personal jurisdiction." Id. at 222. This Court is persuaded by the reasoning of On Track Transportation, and the numerous circuit courts that decision follows, and will therefore consider Fortress's and Cunningham's challenge to the rendering court's judgment as if it were analyzing a challenge to its own judgment.

Jakks argues that although the pleading does not contain any relevant facts about Accasvek's citizenship, the judgment is not void, relying on United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010). In Espinosa, the Supreme Court stated that courts have generally

10

found that relief is only appropriate under a Rule 60(b)(4) motion in "the exceptional case in which the court that rendered the judgment lacked even an arguable basis for jurisdiction." Id. at 271 (internal quotation marks omitted) (citing United States v. Boch Oldsmobile, Inc., 909 F.2d 657, 661–62 (1st Cir. 1990) ("[T]otal want of jurisdiction must be distinguished from an error in the exercise of jurisdiction, and . . . only rare instances of a clear usurpation of power will render a judgment void" (alterations and internal quotation marks omitted))). Jakks contends that the "arguable basis" for jurisdiction in the Central District of California is the judgment itself: a judgment is presumptively valid and therefore this Court should look to the existence of a final judgment, rather than to the pleadings in the rendering court, to find the "arguable basis" for jurisdiction.

But Espinosa did not speak to the issue at hand. The question here is whether there is an "arguable basis" for jurisdiction—specifically, whether in the absence of any facts that support or call into question diversity jurisdiction, this Court can assume that the rendering court had jurisdiction. The Espinosa court itself explained that "[t]his case presents no occasion to engage in such an 'arguable basis' inquiry or to define the precise circumstances in which a jurisdictional error will render a judgment void," because the alleged error at issue there was not jurisdictional. Id. at 271. Thus, while Espinosa is controlling on the topic that it addresses—i.e., the rule that a final judgment may only be vacated if the rendering court lacked even an arguable basis for jurisdiction—it does not provide any insight into whether the existence of a default judgment from the Central District of California provides that "arguable basis" for jurisdiction.

Rather than immediately deciding whether a default judgment itself can provide the "arguable basis" for subject-matter jurisdiction, this Court sought additional facts regarding whether the parties were actually diverse. The Court ordered Jakks, Fortress, and Cunningham to

11

provide declarations supporting the assertions they proffered in court. Based on the submissions, the Court now has factual allegations (from Fortress) that there are natural persons and legal entities that are "members of members of a member of a member" of Accasvek and that are citizens of California. See Moreland Decl. at 1–2. This declaration, however, does not provide the names of such natural persons and legal entities, define the legal structure of those entities (e.g., LLC, corporation, etc.), identify facts that establish the citizenship of those natural persons and entities (e.g., residence for natural persons, or principal place of business and place of corporation for corporations), or state whether the citizenship of those natural persons and legal entities was the same at the time that the initial complaint was filed as it is now. The Court has no other facts regarding diversity, because the facts contained in the complaint in the Central District of California are not relevant to Accasvek's citizenship (i.e., the complaint states Accasvek's place of incorporation and principal place of business, rather than the citizenship of Accasvek's members). Thus, based on the only information available to the Court, it appears that the Central District of California lacked subject-matter jurisdiction, although that information is incomplete.

Although Rule 60(b)(4) says "the court may relieve a party . . . from a final judgment," there is no discretion if the court lacked subject-matter jurisdiction to enter the judgment. Bell Helicopter Textron, Inc. v. Islamic Republic of Iran, 734 F.3d 1175, 1180 (D.C. Cir. 2013); Fafel v. Dipaola, 399 F.3d 403, 409–10 (1st Cir. 2005); see also Charles Alan Wright, Arthur R. Miller, et al. 11 Federal Practice & Procedure, § 2826 (3d. ed., June 2017 Update). This is consistent with the rule that "a void judgment is a legal nullity." Espinosa, 559 U.S. at 270. Or as the D.C. Circuit put it, "judgments in excess of subject-matter jurisdiction are not voidable, but simply void." Bell Helicopter, 734 F.3d at 1180 (internal citation and quotation marks omitted)

Additionally, there is reason to believe that a registering court is just as obligated to vacate a judgment in excess of subject-matter jurisdiction as the rendering court would be—in other words, that the mere presence of a default judgment does not itself provide an arguable basis to assume subject-matter jurisdiction. As the Supreme Court has stated, "[a] defendant is always free to ignore the judicial proceedings, risk a default judgment, and then challenge that judgment on jurisdictional grounds in a collateral proceeding." Ins. Corp. of Ireland, Ltd., v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 706 (1982); see also Practical Concepts, Inc., 811 F.2d at 1547 (R. B. Ginsburg, J.) ("A defendant who knows of an action but believes the court lacks jurisdiction over his person or over the subject matter . . . may refrain from appearing, thereby exposing himself to the risk of a default judgment. When enforcement of the default judgment is attempted, however, he may assert his jurisdictional objection.").

Given the available information, the Court must conclude that the Central District of California lacked subject-matter jurisdiction. The only relevant facts available to the Court are the ones that Fortress has put forth, indicating that the parties are in fact not diverse. So even if the Court were to accept Jakks's argument that the default judgment itself provides an "arguable basis" for jurisdiction, Fortress has put forth facts undermining that "arguable basis." Because the Court has both an independent obligation to ensure jurisdiction and no discretion as to whether or not to vacate a judgment entered in excess of subject-matter jurisdiction, the Court cannot ignore these facts.

Still, as Jakks notes, there are significant holes in the facts that Fortress presents. But this does not, ultimately, help Jakks's argument. If the Court discards Fortress's declaration based on these flaws, it is then back in the position it was in at the hearing: determining whether the default judgment can itself provide an "arguable basis" for jurisdiction. The Court concludes that the

default judgment cannot itself provide an "arguable basis" for jurisdiction. Both the Supreme Court and the D.C. Circuit have indicated that a litigant who "risk[s] a default judgment" by not appearing can then "challenge that judgment on jurisdictional grounds in a collateral proceeding" without, presumably, any heightened burden of persuasion. See Ins. Corp. of Ireland, Ltd., 456 U.S. at 706; Practical Concepts, Inc., 811 F.2d at 1547. In other words, if a defendant believes that a court lacks subject-matter jurisdiction, "he is given a right to ignore the proceeding at his own risk <u>but to suffer no detriment</u> if his assessment proves correct." Restatement (Second) of Judgments § 65 cmt. b (1982) (emphasis added). If a default judgment could itself supply an "arguable basis" of jurisdiction, then a litigant would suffer substantial detriment should he attempt to challenge that default judgment in later collateral proceedings. Jakks's interpretation of Espinosa is therefore inconsistent with Insurance Corp. of Ireland, and does not have any other support in precedent of which this Court is aware. This Court, then, must look to the pleadings and the record to determine if the rendering court had jurisdiction. As explained above, there is nothing in the pleadings or elsewhere in the record (whether in the Central District of California or in the declarations submitted in this Court) that provides an "arguable basis" for the Central District of California's subject-matter jurisdiction. The default judgment is therefore void, and this Court must vacate it. Because the rendering court's judgment forms the basis of this Court's jurisdiction under 28 U.S.C. § 1963, this Court also lacks subject-matter jurisdiction, and must therefore deny all pending motions and dismiss the case in this district.

The Court is aware that, given the flaws in Fortress's declaration, Jakks might wish to further pursue the factual question whether there is complete diversity between the parties. Nothing in this decision prevents Jakks from seeking leave from the Central District of California to amend its complaint and to conduct jurisdictional discovery to allow it to do so. Whether the

Central District of California would grant such a motion, and how proceedings would continue from there, is beyond this Court's power to predict.

## **CONCLUSION**

For the reasons stated above, the Court will vacate the default judgment entered by the Central District of California, will deny Jakks's motion to compel, motion for sanctions, and motion to strike, and will dismiss this matter for lack of subject-matter jurisdiction.

/s/
JOHN D. BATES
United States District Judge

Dated: September 15, 2017